[No. 9474. Department One. July 14, 1911.]

*In re Guardianship of* HARRIET ERVAY.[1]

INSANE PERSONS—APPOINTMENT OF GUARDIAN—PROCESS—WAIVER—APPEARANCE. In proceedings for the appointment of a guardian for an incompetent person, appearance in person and by attorney cures any defect in service of process.

INSANE PERSONS—APPOINTMENT OF GUARDIAN — APPEARANCE BY PROSECUTING ATTORNEY. Rem. & Bal. Code, § 1624, provides that in proceedings for the appointment of a guardian of an incompetent person, it shall not be necessary for the prosecuting attorney to appear at the hearing, if the incompetent is represented by an attorney of his own selection; hence, in such case, an appearance by the prosecuting attorney is unnecessary.

INSANE PERSONS—APPOINTMENT OF GUARDIAN — EVIDENCE OF INCOMPETENCY. A guardian should be appointed for an incompetent person where it appears that she was the victim of designing persons who obtained all her ready cash, and a general power of attorney, and large sums of money, and that her considerable fortune will be taken from her unless her affairs are conducted through the courts.

Appeal from orders of the superior court for Snohomish county, Black, J., entered September 23, 1910, appointing a guardian for an incompetent person and allowing fees and

[1]Reported in 116 Pac. 591.

expenses in maintaining the proceedings, after a hearing before the court. Affirmed.

*Peters & Carr* and *T. B. McMartin,* for appellant.

*G. D. Eveland,* for respondent.

PER CURIAM.—On July 12, 1910, the superior court of Snohomish county, on the petition of Evaline Chase, appointed James Brady guardian of the person and estate of Harriet Ervay, an incompetent person, directing that letters of guardianship issue to him on his giving a bond conditioned as required by law in the sum of thirty-two thousand dollars. The bond was furnished, and subsequently the trial court made a further order allowing the petitioner witness fees, costs, and counsel fees, expended and incurred in maintaining the proceedings. This appeal is from the orders so made.

Counsel for the appellant first questions the proceedings by which the alleged incompetent was brought into court, but these, in so far as the record in this court discloses, were sufficiently regular. Proper citation was issued and personally served, and the alleged incompetent appeared in person and by attorneys of her own selection and opposed the appointment of a guardian. The appearance alone would cure any defect in the manner of service, if any such existed.

It is also objected that the prosecuting attorney made no appearance in the proceedings. But it was not necessary that the prosecuting attorney appear under the circumstances shown here. The statute expressly provides that nothing therein "shall prevent the minor, insane or mentally incompetent person from appearing by an attorney selected by himself, or by some one on his behalf, in which case it will not be necessary for the prosecuting attorney to appear at the hearing." Rem. & Bal. Code, § 1624. In this case, as we have said, the mentally incompetent person did appear by attorney selected by herself.

On the merits of the controversy it has seemed to us that it would serve no useful purpose to review the testimony at any

length.   Mrs. Ervay seems unable to resist the blandishments of those who approach her professing an interest in her spiritual welfare.   She first became a victim of a so-called spiritual medium, who soon possessed himself of all her ready cash and a power of attorney from her authorizing him to transact her general business.   It was only by the interference of her family that the influence of the person over her was counteracted and the management of her property returned to her own hands.   Later she met with a discredited baptist preacher who succeeded in obtaining from her large sums of money, ostensibly for church work, but which seem to have been largely retained by the preacher for his own private use. These, with other matters appearing in the record, make it clear to our minds that unless the management of her affairs is conducted through the courts her considerable fortune will be taken from her and she will become either a charge on the bounty of her relatives or a ward of the state.   The orders appealed from should be affirmed, and it is so directed.